OPINION
{¶ 1} James A. Hensley, Jr., and James A. Hensley, Sr., appeal from the trial court's declaratory judgment that they lack the authority, as individual judges on a five-judge county court, to create and fill new staff positions.
 {¶ 2} The Hensleys advance three assignments of error on appeal. First, they contend the trial court erred in ruling that an individual judge on a multi-judge county court cannot appoint an aide to assist the judge. Second, they claim the trial court erred in finding that an aide must be appointed by the administrative judge or by a majority vote of all judges in a multi-judge county court. Third, they contend the trial court erred in holding that appellee Montgomery County Board of Commissioners is not required to provide reasonable funding for positions necessary to the functioning of the judiciary.
 {¶ 3} The facts underlying this appeal are undisputed. The Hensleys, who are father and son, are two of five part-time judges who serve on the Montgomery County Court. Frustrated by an inability to obtain what they perceive as adequate assistance from the clerk's office, the Hensleys decided that an aide was necessary for the efficient operation of their respective chambers. As a result, they each filed an entry appointing an assistant to fill a new position that they created.[1] Each entry cited R.C. § 1907.201
as the source of the Hensleys' authority to hire an assistant. After they sought funding for the two newly created positions, the Board of Commissioners filed a declaratory judgment action, challenging the manner in which the two new employees were appointed. In particular, Board of Commissioners argued that R.C. § 1907.201 does not allow a single judge of a multi-judge county court to create a new staff position and to hire a person to fill it. The Hensleys responded with a counterclaim, seeking a declaratory judgment that the Ohio Constitution, R.C. § 1907.18(B), R.C. § 1907.201, and the common law authorized them to appoint any judicial aides necessary for the administration of justice.
 {¶ 4} Following an evidentiary hearing, the trial court filed a February 4, 2003, decision and entry in which it found that the Hensleys lacked the individual authority to create and fill a new administrative position. The trial court reasoned that in a multi-judge county court, such action must be undertaken by either (1) a majority of the judges on the court or (2) the administrative judge acting with authority delegated by the other judges. Given that each of the Hensleys acted unilaterally, and neither of them served as the administrative judge of the Montgomery County Court, the trial court held that the Board of Commissioners was not required to appropriate funds for the two new positions. This timely appeal followed.
 I. {¶ 5} The Hensleys have not separately argued the three assignments of error set forth above. Instead, they have organized their appellate brief into four "issues" for our review. Under the first "issue," the Hensleys argue that Article IV, Section 1, of the Ohio Constitution vests county courts with the judicial power of the State. They then quote State ex rel. Britt v. Franklin County Bd. of Commrs. (1985), 18 Ohio St.3d 1, for the proposition that a court possesses inherent authority to require funding, and that a board of county commissioners must provide the requested funding unless it proves that the court submitted an unreasonable and unnecessary budget. With little explanation, the Hensleys extrapolate from the foregoing two sources that the Board of Commissioners was required to fund the new positions that they created and filled.
 {¶ 6} Upon review, we agree that Article IV, Section 1, of the Ohio Constitution vests county courts and other courts with the judicial power of the State. We also agree that a court possesses the inherent authority to require funding, which a county board of commissioners must provide unless a court's budget request is shown to be unreasonable and unnecessary. The Hensleys fail to explain, however, how either of these general propositions resolves the narrow issue before us. We are aware of no authority indicating that the grant of "judicial power" in Article IV, Section 1, vests a single judge with the power to create a new staff position whenever the judge deems it necessary. If Article IV, Section 1, authorized a judge unilaterally to create new staff positions at will, as the Hensleys allege, then the various provisions of the Revised Code regulating the employment of court personnel would be superfluous at best and, apparently, unconstitutional. We have not found, and the Hensleys have not cited, any authority that supports the broad interpretation of Article IV, Section 1, advanced herein.
 {¶ 7} We are equally unpersuaded by the Hensleys' reliance on Britt, supra, which bears little similarity to the case before us. In Britt, the Franklin County Court of Common Pleas, as a whole, filed a petition for a writ of mandamus, seeking to compel the Franklin County Board of Commissioners to appropriate money for the court's budget. In the present case, the Hensleys acted unilaterally when they created the new administrative positions, and their request for funding does not appear to have been made as part of the county court's budgetary process. In any event, we find absolutely nothing in Britt to support the Hensleys' argument that they have the authority, as individual judges on a five-judge county court, to create new staff positions and to demand funding for them.
 II. {¶ 8} In their second and third "issues" on appeal, the Hensleys contend that they possess inherent authority to make appointments to newly created positions, and that the Board of Commissioners cannot impede the exercise of their authority. According to the Hensleys, their inherent authority has been codified in R.C. § 1907.18(B), which provides:
 {¶ 9} "(B) County court judges may punish contempts, and exercise powers necessary to give effect to the jurisdiction of the court and to enforce its judgments, orders, and decrees, as provided in this chapter, or in the absence of a provision in this chapter, in a manner authorized by the Revised Code or common law for the judges of the courts of common pleas."
 {¶ 10} Upon review, we find the Hensleys' reliance on the foregoing language to be unpersuasive. Section 1907.18(B) provides that county court judges may "exercise powers necessary to give effect to the jurisdiction of the court and to enforce its judgments, orders and decrees, as provided in this chapter[.]" (Emphasis added). Thus, even if the creation of a new staff position falls within the scope of a judge's power under R.C. § 1907.18(B), we must look elsewhere in Chapter 1907 to determine the manner in which such power may be exercised.
 III. {¶ 11} In their fourth "issue" on appeal, the Hensleys have identified the relevant portion of Chapter 1907 that governs the manner in which county court employees may be appointed. In particular, R.C. § 1907.201(A) provides that "[t]he judge or judges of a county court may appoint * * * court aides on a full-time, part-time, per-diem, hourly, or other basis, who shall serve at the pleasure of the appointing judge or judges and who shall receive compensation as prescribed by the board of county commissioners from the county treasury or other authorized funds."
 {¶ 12} Given that the foregoing statute authorizes "the judge" of a county court to appoint an aide, the Hensleys argue that they acted properly when they made the appointments at issue. In its February 4, 2003, decision and entry, however, the trial court reasoned that the statute's reference to "the judge" applies only when a county court has a single judge. In a multi-judge county court, the trial court concluded that R.C. § 1907.201(A) requires "the judges," collectively, to appoint an aide by at least a majority vote. The trial court also noted the existence of Sup.R. 4(B)(7), which provides that the administrative judge of a county court shall "[a]dminister personnel policies established by the court[.]" Pursuant to Rule 4(B)(7), the trial court reasoned that a county court administrative judge also may appoint an administrative aide. Because the Hensleys do not serve as administrative judge and failed to obtain the approval of a majority of the Montgomery County Court judges, the trial court held that they lacked authority to make the appointments at issue.
 {¶ 13} On appeal, the Hensleys argue that the trial court's reading of R.C. § 1907.201(A) is erroneous. They insist that the statute unambiguously authorized them to make the appointments without approval from the other judges on the Montgomery County Court. We disagree. Although the proper interpretation of the phrase "judge or judges" in R.C. § 1907.201(A) appears to be a matter of first impression, the trial court reasonably, and we believe correctly, read the phrase as referring to two different circumstances. In a one-judge county court, the lone judge, for obvious reasons, may appoint court aides. In a multi-judge county court, however, the statute contemplates "the judges," collectively, making such appointments. In the present case, the Hensleys failed to obtain approval from a majority of the judges on the Montgomery County Court before appointing administrative aides to assist them. Such action is not authorized by R.C. §1907.201(A). As a result, we find no error in the trial court's declaratory judgment that the Hensleys lack authority to appoint the aides at issue.
 IV. {¶ 14} Based on the reasoning and citation of authority set forth above, we overrule the Hensleys' assignments of error and affirm the judgment of the Montgomery County Common Pleas Court.
WOLFF, J., and YOUNG, J., concur.
[1] The Hensleys originally identified the new position as "assignment commissioner." They later changed the name of the position to "judicial assistant." For purposes of our analysis herein, the name of the newly created position is immaterial.